**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

In re:                                                              :

                                                                    :

Marcia E. Waddell,                                       :

                                                                    :

                                          Debtor.        :

------------------------------------------------------------- x

**NOT FOR PUBLICATION**

Case No. 24-11769 (JLG)

Chapter 7

## MEMORANDUM DECISION AND ORDER DENYING
## MOTION FOR 2004 EXAMINATION

**A P P E A R A N C E S:**

LAW OFFICE OF GREGORY MESSER, PLLC
*Attorneys for the Debtor*
26 Court Street, Suite 2400
Brooklyn, New York 11242
By:     Gregory Messer

Tarter Krinsky & Drogin LLP
*Attorneys for the Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
By:     Robert A. Wolf

CHARLES MUSZYNSKI
*Appearing Pro Se*
P.O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION

Marcia Waddell (the "Debtor") is a chapter 7 debtor herein. Charles Muszynski (the "Movant") is the Debtor's ex-husband. The Debtor holds a judgment against Movant in the sum of $1,941,225.00 (the "Judgment") for past due alimony and attorneys' fees. Apparently, Movant may be judgment-proof, as Movant claims to be indigent.[1] Movant is not a creditor of the Debtor and does not assert any financial interest in the Chapter 7 Case.

The matter before the Court is Movant's motion (the "Motion")[2] pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") for authorization to conduct an examination of the Debtor. Movant is proceeding pro se. The Debtor, through counsel, filed a response in opposition to the Motion (the "Opposition").[3] Movant filed a reply to the Opposition (the "Reply").[4] Deborah J. Piazza (the "Trustee") is the trustee of the Debtor's estate. She filed a joinder to the Opposition (the "Joinder").[5] Movant filed a response to the Joinder (the "Joinder Response").[6]

---

[1] On December 11, 2024, Movant filed an Application for Determination of Civil Indigent Status in the Circuit Court for the Sixth Judicial Circuit, Orange County, Florida (the "Application"). On December 18, 2024, based on the information contained in the Application, the Clerk of the Circuit Court determined Movant to be indigent, under section 57.082, Florida Statutes (the "Clerk's Determination"). A copy of the one-page Application and Clerk's Determination is annexed to the Reply as Exhibit 1.

[2] *Motion for FRPB 2004/LRPB 2004-1 Examination*, ECF No. 20. References to "ECF No. __" are to documents filed on the electronic docket of Case No. 24-11769.

[3] *Affirmation in Opposition to the Application of Charles Muszynski for 2004 Examination*, ECF No. 25.

[4] *Reply to Messer "Affirmation,"* ECF No. 27.

[5] *Joinder of Discharged Chapter 7 Trustee to Debtor's Opposition to the Application of Charles Muszynski for Rule 2004 Examination*, ECF No. 28.

[6] *Response to Trustee's Joinder of Discharged Chapter 7 Trustee to Debtor's Opposition to the Application of Charles Muszynski for Rule 2004 Examination*, ECF No. 30.

On March 26, 2025, the Court conducted a hearing on the Motion (the "Hearing"). At the Hearing, Movant appeared pro se and the Debtor and the Trustee appeared through their respective counsel. The Court heard argument from the parties. For the reasons set forth herein, the Court denies the Motion.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition")[7] for relief under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") in this Court. On October 11, 2024, Deborah Piazza was appointed as interim trustee,[8] and subsequently qualified as the permanent trustee of the Debtor's estate.

The Petition shows assets totaling $2,030,325.00 and liabilities totaling $326,406.30. Petition, Summary of Assets and Liabilities ¶¶ 1, 3. By far, the Judgment is the Debtor's largest asset. *See* Petition, Schedule A/B ¶ 29. The Debtor scheduled the Judgment as an exempt asset under section 522(d)(10)(D) of the Bankruptcy Code. Petition, Schedule C ¶ 2. There were no objections to her claimed exemptions.

The Debtor has no secured creditors. *See* Petition, Schedule D. The Petition schedules twelve creditors holding nonpriority unsecured claims aggregating approximately $326,406.30.

---

[7] *Voluntary Petition for Non-Individuals Filing for Bankruptcy*, ECF No. 1.

[8] *Notice of Chapter 7 Bankruptcy Case*, ECF No. 7 ¶ 5.

Petition, Schedule E/F ¶ 4. Movant is not among those creditors. *Id.* One creditor filed a proof of claim asserting a general unsecured claim in the sum of $61,027.86. *See* Claim No. 1. Movant did not file a claim herein.

On or about November 13, 2024, the Trustee commenced the meeting of the creditors pursuant to section 341 of the Bankruptcy Code (the "§ 341 Meeting"). The Trustee continued the meeting to December 11, 2024, and thereafter, to January 8, 2025. That day, the Trustee filed her Chapter 7 Trustee's Report of No Distribution (the "No Distribution Report") as a virtual docket text entry.[9] In the No Distribution Report, the Trustee certifies the Debtor's estate has been fully administered and reports she has neither received any property nor paid any money on behalf of the estate, and that "there is no property available for distribution from the estate over and above that exempted by law." *See* No Distribution Report. She reports the total amount of assets exempt is $2,029,200.00, the full amount claimed as exempt. *Id*.

The last day to object to the Debtor's discharge was January 13, 2025. *See* Notice of Chapter 7 Case, ¶ 9.[10] No objections were filed. By letter dated January 24, 2025 (the "January Letter"),[11] Debtor's counsel ("Mr. Messer") advised the Clerk of the Court that "[t]he last day to object to the [Debtor's] discharge was January 13, 2025," and "respectfully requested that the discharge be issued at your earliest convenience." On January 27, 2025, the Clerk's Office issued

---

[9] *The Chapter 7 Trustee's Report of No Distribution* is a virtual docket entry without a corresponding ECF number. Local Rule 5009-1 (c) provides: "In a chapter 7 no asset case, the trustee must file a No Distribution Report as a virtual docket text entry in accordance with the guidelines promulgated by the Office of the United States Trustee."

[10] *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline*, ECF No. 7.

[11] *Letter Requesting Discharge*, ECF No. 14.

the Debtor a discharge under section 727 of the Bankruptcy Code, and a final decree closing the case for administrative purposes.[12]

**The Motion**

Movant contends that he is "an unobjected and admitted party of Interest in [the Debtor's] bankruptcy." Motion ¶ 1. He says that he "was permitted to briefly examine Debtor at the 341(a) meeting of creditors 13 November 2024" until the Trustee truncated the examination. *Id*. He contends that his examination of the Debtor "revealed material, significant conflicts between 'facts' Debtor swore to under penalty of perjury in her papers and schedules and Debtor's sworn testimony." *Id*. ¶ 2. He maintains that had he been permitted to conclude his examination, he would have "shown failures by the Trustee, Debtor's attorney . . . , and Debtor to disclose easily discoverable facts proving Debtor's bankruptcy application fraudulent." *Id*. ¶ 3. Accordingly, he asks the Court to "order examination of the Debtor duces tecum due to significant, material, willful omissions and failures to disclose." *Id*. ¶ 5. Below, the Court briefly summarizes Movant's contentions in support of the Motion.

Movant alleges the Debtor misrepresented matters relating to her domestic life by falsely claiming to live alone in "PHC" (Penthouse C) at 166 2nd Avenue paying $2,845 monthly rent (amended from $3,100) when the market rate exceeds $7,383 and testifying that she paid $5,000 monthly. *Id*. ¶¶ 13, 16, 22-23, 29-30, 35. Further, he asserts that the Debtor (i) did not produce a written lease for the apartment, despite claiming to be a tenant in a doorman building with a wrap-around terrace, *id*. ¶¶ 16, 23-24, 38, 40, (ii) testified that she did not pay utilities despite claiming to live alone, *id*. ¶¶ 13, 27-28, and (iii) says that she is paying $400 monthly for renter's insurance on personal goods worth "barely double that," *id*. ¶ 24. Movant argues that the Debtor concealed

---

[12] *Discharge of Debtor and Order of Final Decree*, ECF No. 16.

5

her long-term relationship with Mr. Jeffrey Rosner, who allegedly has owned the Penthouse C for over two decades and supplements her income. *Id.* ¶¶ 36-37. He maintains that the Debtor's entire annual gross salary of $86,000 would not cover the apartment's annual rent and utilities of more than $90,000. *Id*. ¶¶ 29, 36-40.

Next, Movant contends that although the Debtor disclosed pre-petition litigation that gave rise to the entry of a $50,000 judgment against her, she concealed a state court legal malpractice action that resulted in a $200,000 settlement to her benefit, approximately four months prior to the Petition Date. *Id.* ¶¶ 13, 41-48. Relatedly, he says the Debtor failed to disclose when she funded her bankruptcy-exempt accounts. *Id.* ¶ 49-50. Movant contends that to artificially pass the "means test," the Debtor improperly structured the settlement funds into bankruptcy-exempt accounts, including "an education IRA . . . for a 61-year-old woman." *Id*. ¶¶ 29, 51.

Movant complains that the Trustee negligently failed to investigate these matters despite being directed to them. He says the Trustee exhibited "clear bias" against him. *Id.* ¶¶ 3-4, 8, 16, 21, 52. He also maintains that Mr. Messer was complicit in concealing information about the Debtor and her estate, and rushed to obtain the Debtor's bankruptcy discharge after being notified of Movant's intent to file this Motion. *Id.* ¶¶ 8-9, 17-20.

Movant complains that during the § 341 Meeting, the Trustee, the Debtor, and Mr. Messer "engaged in tacit signaling to coordinate and conceal information improperly to allow the Court to grant a discharge knowingly based in fraud, concealment, and falsehoods . . . ." *Id*. ¶ 8. He contends that the Debtor was not forthcoming about her financial affairs, Mr. Messer prevented the Court and the Trustee from hearing truthful evidence proving the Debtor's bad faith, and if known by the Court, the Debtor would not be entitled to a discharge. *Id.*

Movant also says that, although the deadline to object to exemptions closed January 13, 2025, "Debtor's and Messer's fraud and concealment" and the "Trustee's negligent failure to investigate" provide the basis for the Court to order a Rule 2004 examination "to prevent the Court from proceeding in ignorance of material facts damaging to equity, creditors' interests, the estate, and the Court's dignity." *Id*. ¶¶ 4, 10.

**The Opposition**

The Debtor argues that Movant is not a "party in interest" and does not have standing to seek relief under Rule 2004. Opposition ¶ 14. She notes that Movant is not a creditor, but rather, owes the Debtor money for alimony, which has been reduced to the Judgment. *Id*. ¶¶ 12, 14. Moreover, she argues that Movant will not be impacted by this case because the Trustee has abandoned any claims against Movant. *Id*. ¶ 14.

The Debtor contends that Movant has harassed her for over eleven years, and that the Motion is a continuation of his harassment campaign against her. *Id*. ¶¶ 9-11, 14-16. She says that Movant filed for bankruptcy two years ago ("Movant's Bankruptcy Case") in an effort to discharge the Judgment in bankruptcy, but was denied a discharge. *Id*. ¶ 10.[13] That decision was affirmed on appeal in the Bankruptcy Appellate Panel for the First Circuit. *In re Muszynski*, No. BAP PR 24-011, 2025 WL 758425, at *8 (B.A.P. 1st Cir. Mar. 7, 2025).

Finally, the Debtor contends that, to the extent Movant is suggesting her discharge should be denied or revoked, he is time-barred from obtaining such relief. *Id*. ¶¶ 17-20.

---

[13] Annexed as Exhibit A to the Opposition is a copy of the Order and Opinion issued May 21, 2024, by the United States Bankruptcy Court for the District of Puerto Rico, dismissing Movant's Bankruptcy Case without discharge. *See Opinion and Order, In re Charles Muszynski*, Case No. 23-02870 (Bankr. D.P.R. May 21, 2024).

**The Reply**

Movant insists that his "presence [in this case] is legitimate." Reply ¶ 17. He asserts that he is an "acknowledged," "undisputed," and "unobjected" party in interest, has repeatedly filed papers without objection for months, "appeared at the first 341(a) meeting and elicited preliminary proof of bankruptcy fraud by Debtor," and "has every right to appear." *Id*. ¶¶ 17, 21.

He contends the Reply proves that Movant has "clear standing as a party in interest" as he will "unquestionably be damaged by Debtor's and Messer's continued perjury and fraud due to related actions in his own Bankruptcy and in Florida Family Court." *Id*. ¶ 34. He asserts that "[n]ot only will Movant be adversely affected were Messer allowed to continue to with Debtor to defraud the Court, so would the Court itself." *Id*. ¶ 36. Movant "suggest[s] a 2004 examination is required" and that "[o]verwhelming evidence justifies broad examination of Debtor's truthful financial affairs. *Id*. ¶ 64.

He outlines various examples of Mr. Messer's alleged "lies by omission." *Id*. ¶¶ 24, 26-28. He claims that Mr. Messer influenced the Clerk's Office to issue the Debtor her bankruptcy discharge. *Id*. ¶ 33. He complains that the Clerk issued a discharge a few hours after Mr. Messer's request, but that his pro se portal submissions have not been docketed timely. *Id*. ¶ 33. He states:

> This leads Movant to question circumstances regarding Messer, the Clerk's Office, and the Judge's Office's uniquely peculiar difficulty with posting at all or timely posting Movant's pro se portal submissions to the docket; what is really going on here? It appears Movant will be forced to seek a writ of mandamus from the Appellate Court requiring SDNY's Bankruptcy Court follow the law and post Movant's filings; timely as well.

*Id*. ¶ 33. He also discusses the motion for sanctions he filed against Mr. Messer on or about February 14, 2025. *Id*. ¶¶ 39-55.[14]

### The Joinder

The Trustee joins the Debtor's opposition to the Motion. Joinder at 1. The Trustee adopts the Debtor's arguments in the Opposition and contends that the Court should deny the Motion as baseless and without merit. *Id*. She argues it plainly was filed to harass the Debtor because it was filed after the Debtor was granted a discharge. *Id*. at 2. She contends that it is "so utterly devoid of merit as to warrant sanctions." *Id*. at 2.[15]

### The Joinder Response

Movant argues that that the Trustee's request for sanctions is meritless. Joinder Response ¶ 2. He asserts that the Trustee does not deny any of the alleged instances of perjury and fraud and remained willfully ignorant. *Id*. ¶ 3. He contends the Trustee's failure to investigate constitutes gross negligence and outlines a list of her alleged negligent actions in administering the estate, *id*. ¶¶ 3-5, and instances of her alleged willful ignorance, *id*. ¶¶ 7-11. Movant contends that all creditors and parties in interest should have "truthful awareness" of the Debtor's financial affairs, the settlements received, and the "free 'rent'" that the Debtor allegedly received as "in-kind income for over three years." *id*. ¶ 10. He argues that the Debtor and her counsel suborned "fraud upon creditors." *id*. ¶ 11.

---

[14] *See Motion for Sanctions under FRBP/LRBP 9011*, ECF No. 26. A copy of that motion is annexed to the Reply at pp. 23-32.

[15] The Trustee did not formally seek sanctions. The Court will not further consider the matter.

**The Supplemental Response**

After the Hearing, Movant filed a document titled "Motion to Inform Subsequent to Hearing" (the "Supplemental Response").[16] Movant states that he is providing "documents referenced in today's 10:00 EST hearing as the Court requested pursuant to Movant's capacity to repay and Movant's reference to the Department of Justice's U.S. Trustee Program regarding parties in interest." Supplemental Response ¶ 1.

Movant attached two exhibits[17] to the Supplemental Response. The first is a Determination of Civil Indigent Status application dated December 18, 2024, with the Clerk of the Sixth Circuit Court in and for Orange County, Florida, in what Movant describes as "the reopened 'family' law case resulting from Debtor's bankruptcy and where Debtor's Bankruptcy directly affects Movant's interests." *Id*. ¶ 2.[18] The second exhibit is a portion of what appears to be a U.S. Department of Justice's U.S. Trustee Program blog post titled "Partners in Combatting Crime: The Vital Roles of Chapter 7 Trustees and the United States Trustee Program." *Id*. ¶ 3.

## LEGAL PRINCIPLES

Rule 2004(a) provides that "[o]n a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). In scope, an examination under the rule may relate to:

> (A) the debtor's acts, conduct, or property;
> (B) the debtor's liabilities and financial condition;
> (C) any matter that may affect the administration of the debtor's estate; or
> (D) the debtor's right to a discharge.

---

[16] *Motion to Inform Subsequent to Hearing*, ECF No. 32.

[17] *Exhibits to Motion to Inform Subsequent to Hearing*, ECF No. 33.

[18] The document is identical to the Application and Clerk's Determination annexed to the Reply as Exhibit 1.

Fed. R. Bankr. P. 2004(b)(1). "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *accord In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016). Although Rule 2004 is broad in scope, courts may limit or prohibit Rule 2004 examinations sought for improper purposes, such as to abuse or harass. *In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019); *In re Recoton Corp.*, 307 B.R. at 755 ("However, courts may limit, condition or forbid Rule 2004 discovery when it is designed to abuse or harass.").

The Court has broad discretion in determining whether to grant a motion under Rule 2004. *In re AOG Ent., Inc*, 558 B.R. 98, 108 (Bankr. S.D.N.Y. 2016) ("[R]elief lies within the sound discretion of the Bankruptcy Court."); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. at 626 ("Parties do not have an absolute right to Rule 2004 examinations—the granting of a Rule 2004 examination is dependent on the discretion of the court."). However, "[i]n granting a Rule 2004 examination request, the bankruptcy court is required to make a finding of good cause for the examination." *In re MF Glob. Inc.*, No. 11-02790, 2013 WL 74580, at *1 (Bankr. S.D.N.Y. Jan. 8, 2013) (citing *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004)); *see also In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002) ("Despite the breadth of Bankruptcy Rule 2004, 'it must *first* be determined that the examination is proper.'" (quoting *In re GHR Energy Corp.,* 35 B.R. 534, 538 (Bankr. D. Mass. 1983) (emphasis in original))). Moreover, Rule 2004 "requires a balancing of the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Millennium Lab Holdings II, LLC*, 562 B.R. at 626 (internal quotation marks omitted).

## <u>ANALYSIS</u>

The party requesting a Rule 2004 examination must establish standing and good cause to take the examination, and the reasonableness of the examination. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("The burden to establish standing remains with the party claiming that standing exists . . . ."); *In re AOG Ent., Inc*, 558 B.R. at 108 ("The party seeking Rule 2004 discovery has the burden to show good cause for the examination it seeks . . . ."); *In re Diocese of Buffalo, N.Y.*, 655 B.R. 72, 76 (Bankr. W.D.N.Y. 2023) ("[T]he party seeking an examination . . . must also satisfy the burden of proof to show good cause and the reasonableness of its request."). As set forth below, Movant has failed to meet that burden.

Rule 2004 provides that the Court may authorize a Rule 2004 examination upon the motion of a "party in interest." Fed. R. Bankr. P. 2004(a). "Party in interest" is not defined by the Bankruptcy Code or the Bankruptcy Rules. Whether or not a party has standing as a party in interest is determined on a case-by-case basis. *See In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 391 (Bankr. W.D. Pa. 2008); *In re Davis*, 452 B.R. 610, 616 (Bankr. E.D. Mich. 2011).

In the context of Rule 2004 examinations in chapter 7 cases, courts have found that chapter 7 trustees, creditors, and equity security holders are parties in interest. *See, e.g., In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010) (Rule 2004 is an "investigatory device trustees can use in order to quickly gather the information they need to do their job properly."); *In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994) (holding that a creditor, as party in interest, may conduct a Rule 2004 examination after the trustee filed an adversary proceeding); *Matter of M4 Enterprises, Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995) (sole shareholder of debtor was

permitted to conduct a Rule 2004 examination of the chapter 7 trustee regarding a proposed settlement agreement's benefit to the estate).

When interpreting the term, "party in interest" under Rule 2004, some courts refer to the non-exclusive examples of a party in interest listed in section 1109(b) of the Bankruptcy Code. *See Matter of M4 Enterprises, Inc.*, 190 B.R. at 474 (citing *In re Summit Corp*., 891 F.2d 1, 5 (1st Cir. 1989) (interpretation of "party in interest" under Rule 2004 is similar to the "common sense" interpretation of 11 U.S.C. § 1109(b))); *see also In re Alem*, No. 13-00119, 2013 WL 4840486, at *3 (Bankr. D.D.C. Sept. 11, 2013) (same). Section 1109(b) provides that, for purposes of chapter 11 proceedings, a party in interest includes "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." 11 U.S.C. § 1109(b); *see also Truck Ins. Exch. v. Kaiser Gypsum Co., Inc*., 602 U.S. 268, 277 (2024) (holding that a third party with financial responsibility for a bankruptcy claim that may be directly and adversely affected is a party in interest under section 1109(b)).

Movant is not among the Debtor's creditors. He is not listed as a creditor in the Debtor's schedules and he did not file a proof of claim herein. He is not financially responsible for a scheduled or filed claim against the Debtor. The Judgment is an exempt asset and is not property of the Debtor's estate.[19] Movant has no pecuniary interest in this case, and the administration of the estate will not impact him at all financially.

---

[19] The Bankruptcy Code permits individuals to claim certain property as exempt from the bankruptcy estate. See 11 U.S.C. § 522(d); *In re Lyons*, 381 B.R. 444, 448 (Bankr. S.D.N.Y. 2008). "When a debtor properly exempts a property interest under § 522, the exemption withdraws that property interest from the estate and, thus, from the reach of the trustee for distribution to creditors. Such an exempted property interest revests with the debtor and no longer belongs to the estate." *United States v. Warfield (In re Tillman)*, 53 F.4th 1160, 1169 (9th Cir. 2022) (internal citations omitted). The chapter 7 trustee and creditors may object the claimed exemptions, but if the there are no objections or the objections are overruled, the exempt property ceases to be property of the estate. *In re Brown*, 375 B.R. 362, 371 (Bankr. W.D. Mich. 2007). Here, the Debtor claimed the Judgment as exempt and there were no objections. As such, the Judgment is no longer property of the Estate.

Instead, Movant alleges that he is an "unobjected and admitted party of interest." Motion ¶ 1. He contends that his "presence is legitimate" and he has "every right to appear" because he has repeatedly filed papers without objection, appeared at the § 341 Meeting and examined the Debtor, and "elicited preliminary proof of bankruptcy fraud" by the Debtor. Reply ¶¶ 17, 21. During the Hearing, he argued that, as a consequence of their failure to challenge his participation in the case to date, the Debtor and the Trustee "waived" any objection to his standing to obtain Rule 2004 discovery. There is no merit to that argument. Movant's filing of papers in the case, and the Trustee and the Debtor's accommodations to Movant at the §341 Meeting neither confer "party in interest" status on Movant herein, nor waive their rights to object to the Motion. *See In re Newcare Health Corp.*, 244 B.R. 167, 171-72 (B.A.P. 1st Cir. 2000) (rejecting argument that prior participation in bankruptcy proceedings conferred standing, holding that participation in earlier matters without objection to standing did not waive the right to challenging standing later because "the question of standing is jurisdictional, cannot be waived, and remains open to review during all stages of the litigation").

Movant also argues that he "has clear standing as a party in interest" because he "will unquestionably be damaged by Debtor's and Messer's continued perjury and fraud due to related actions in his own Bankruptcy and in Florida Family Court." Reply ¶ 34. However, Movant is not a party to this case. The Debtor's statements herein are not binding on Movant in his bankruptcy case, or in the Florida Family Court. Moreover, it is well settled that Rule 2004 examinations may not be used to further proceedings in other courts. *See In re Cambridge Analytica LLC*, 600 B.R. at 752 (holding that Rule 2004 examinations sought by a non-creditor as a litigation tactic to advance proceedings in other courts constitutes an improper purpose). And here, Movant's assertions regarding the Florida family court proceedings suggest, at most, that he seeks

information that might be useful in other litigation—a purpose for which Rule 2004 examinations are not available. *See In re Enron Corp.*, 281 B.R. at 842 (explaining that Rule 2004 examinations are not to be used as discovery devices for other pending litigation).

The Court finds that Movant is not a "party in interest" and does not have standing to proceed with the Motion. *See In re MF Glob. Inc.*, 2013 WL 74580 at *1 ("As an initial matter, the CCC is not a party in interest within the meaning of the Bankruptcy Code and therefore has no standing to proceed. It is not a creditor in this case, but rather a self-described 'watchdog' entity with its own independent goals."); *see also In re First Connecticut Consulting Group, Inc.*, No. 02-50852, 2017 WL 3089736, at *2 (Bankr. D. Conn. July 19, 2017) (movant was not party in interest for purposes of a Rule 2004 examination related to a settlement agreement where prior court decisions held that he lacked standing to object to the settlement, given that there was no reasonable prospect that he would receive a distribution from the estate). At best, Movant is attempting to assert the rights of creditors rather than any concrete interest of his own. Such generalized grievances are insufficient to confer standing in this context. *See In re Newcare Health Corp.*, 244 B.R. at 169-70 (explaining that prudential standing considerations "principally concern whether the litigant (1) asserts the rights and interests of a third party and not his/her own; (2) presents a claim arguably falling outside zone of interests protected by specific law invoked; or (3) advances abstract questions of wide public significance essentially amounting to generalized grievances more appropriately addressed to the representative branches").

Movant has also failed to establish good cause and a proper purpose for a Rule 2004 examination. "Generally, good cause is shown if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc.*, 318 B.R. at 268 (quoting *In re*

*Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993)). In determining whether good cause exists, bankruptcy courts must "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

Proper purposes of Rule 2004 examinations include determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *In re Recoton Corp*., 307 B.R. at 755. Those issues are not relevant here because the Debtor has received her discharge in bankruptcy,[20] the Trustee has been discharged, and the case has been administratively closed. Rule 2004 examinations cannot be used for purposes of abuse or harassment, or in furtherance of party's own interests rather than the interests of the estate. *See In re MF Glob. Inc*., 2013 WL 74580 at *1. Movant's request to essentially rehash matters already addressed during the administration of the case demonstrates it is not brought to advance legitimate bankruptcy purposes. In seeking leave to conduct a Rule 2004 examination, Movant plainly seeks to harass the Trustee, the Debtor, and Debtor's counsel. Movant has failed to meet his burden of showing good cause and proper purpose for a Rule 2004 examination. Accordingly, the Court finds no justification for granting the relief sought.

---

[20] Under section 727 of the Bankruptcy Code, only the Trustee, a creditor, or the United States Trustee may request a revocation of discharge. *See* 11 U.S.C. § 727(d)-(e).

## <u>CONCLUSION</u>

Based on the foregoing, the Court denies the Motion.

IT IS SO ORDERED.

Dated:  March 28, 2025
      New York, New York

                         /s/ *James L. Garrity, Jr.*
                         Honorable James L. Garrity, Jr.
                         United States Bankruptcy Judge