| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| ------------------------------------------------------------x<br>In re:                                                                          :<br>                                                                                  :<br>Marcia E. Waddell,                                                    :<br>                                                                                  :<br>                                                          Debtor.   :<br>------------------------------------------------------------x | Case No. 24-11769 (JLG)<br><br>Chapter 7 |

## MEMORANDUM DECISION AND ORDER DENYING
## MOTION FOR SANCTIONS

**A P P E A R A N C E S:**

LAW OFFICE OF GREGORY MESSER, PLLC
*Attorneys for the Debtor*
26 Court Street, Suite 2400
Brooklyn, New York 11242
By:    Gregory Messer

Tarter Krinsky & Drogin LLP
*Attorneys for the Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
By:    Jill Makower

CHARLES MUSZYNSKI
*Appearing Pro Se*
P.O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[1]

Marcia Waddell (the "Debtor") is a chapter 7 debtor herein. Until she received her discharge from the Clerk of the Court (the "Clerk"), Deborah J. Piazza (the "Trustee") served as the chapter 7 trustee of the Debtor's estate (the "Estate"). Charles Muszynski (the "Movant") is the Debtor's ex-husband. The Debtor holds a judgment against Movant in the sum of $1,941,225.00 (the "Judgment") for past due alimony and attorneys' fees. Movant is not a creditor of the Debtor and does not assert any financial interest in the Chapter 7 Case. Previously, Movant filed a motion for leave to conduct a Rule 2004[2] examination of the Debtor. *See* Rule 2004 Motion.[3] The Court denied it, finding that Movant lacked standing as a "party in interest" and, in any event, failed to establish good cause for such examination. *See generally* Rule 2004 Order.[4]

The matter before the Court is Movant's motion pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Rule 9011") seeking sanctions against the Debtor, her counsel, Gregory Messer ("Mr. Messer"), and the Trustee (the "Motion").[5] Movant is proceeding pro se. Debtor, through counsel, filed a response in opposition to the Motion (the "Opposition").[6] Movant

---

[1] References herein to "ECF No. __" are to documents filed on the electronic docket of Case No. 24-11769.

[2] As used herein, the term "Rule" refers to the Federal Rules of Bankruptcy Procedure.

[3] *Motion for FRPB 2004/LRPB 2004-1 Examination*, ECF No. 20 (the "Rule 2004 Motion").

[4] *Memorandum Decision and Order Denying Motion for 2004 Examination*, ECF No. 34 (the "Rule 2004 Order").

[5] *Motion for Sanctions under FRBP/LRBP 9011*, ECF No. 26.

[6] *Affirmation in Opposition to the Application of Charles Muszynski's Request for Sanctions*, ECF No. 35.

2

filed a reply to the Opposition (the "Reply").[7] Through counsel, the Trustee filed a joinder to the Opposition (the "Joinder").[8] Movant filed a response to the Joinder (the "Response").[9]

The Court conducted a hearing on the Motion. Movant appeared pro se and the Debtor and the Trustee appeared through their respective counsel. The Court heard argument from the parties. For the reasons set forth herein, the Court denies the Motion.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

On October 10, 2024 (the "Petition Date"), Debtor filed a voluntary petition (the "Petition")[10] for relief under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") in this Court. On October 11, 2024, Deborah Piazza was appointed as interim trustee,[11] and subsequently qualified as the permanent trustee of the Estate.

The Petition shows assets and liabilities totaling $2,030,325.00 and $326,406.30, respectively. Petition, Summary of Assets and Liabilities ¶¶ 1, 3. The Judgment is the Debtor's largest asset. *See* Petition, Schedule A/B ¶ 29. The Debtor scheduled it as an exempt asset under

---

[7] *Reply to Affirmation in Opposition to Muszynski's Application Requesting Sanctions*, ECF No. 36.

[8] *Joinder of Discharged Chapter 7 Trustee to Debtor's Opposition to the Application of Charles Muszynski for Sanctions*, ECF No. 37.

[9] *Response to Trustee Piazza's Statement*, ECF No. 38.

[10] *Voluntary Petition for Non-Individuals Filing for Bankruptcy*, ECF No. 1.

[11] *Notice of Chapter 7 Bankruptcy Case*, ECF No. 7.

section 522(d)(10)(D) of the Bankruptcy Code. Petition, Schedule C ¶ 2. The Petition schedules twelve creditors holding nonpriority unsecured claims aggregating approximately $326,406.30. Petition, Schedule E/F ¶ 4. Movant is not among those creditors. *Id.* Movant did not file a claim herein.

On or about November 13, 2024, the Trustee commenced the meeting of the creditors pursuant to section 341 of the Bankruptcy Code (the "Section 341 Meeting"). The Trustee continued the meeting to December 11, 2024, and thereafter, to January 8, 2025. That day, the Trustee filed the Chapter 7 Trustee's Report of No Distribution (the "No Distribution Report").[12] In it the Trustee certifies the Estate has been fully administered and reports she has neither received any property nor paid any money on behalf of the Estate, and that "there is no property available for distribution from the estate over and above that exempted by law." *See* No Distribution Report. She reports the total amount of assets exempt is $2,029,200.00, the full amount claimed as exempt. *Id*. Movant did not respond to the No Distribution Report.

The last day to object to the Debtor's discharge was January 13, 2025. *See* Notice of Chapter 7 Case ¶ 9.[13] No objections were filed. By letter dated January 24, 2025,[14] Debtor's counsel advised the Clerk that "[t]he last day to object to the [Debtor's] discharge was January 13, 2025," and "respectfully requested that the discharge be issued at your earliest convenience." On January 27, 2025, the Clerk issued a "Discharge of Debtor(s) and Order of Final Decree"[15] which

---

[12] *The Chapter 7 Trustee's Report of No Distribution* is a virtual docket entry without a corresponding ECF number. Local Bankruptcy Rule 5009-1 (c) provides: "In a chapter 7 no asset case, the trustee must file a No Distribution Report as a virtual docket text entry in accordance with the guidelines promulgated by the Office of the United States Trustee."

[13] *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline*, ECF No. 7.

[14] *Letter Requesting Discharge*, ECF No. 14.

[15] *Discharge of Debtor and Order of Final Decree*, ECF No. 16.

4

(i) granted Debtor a discharge under section 727 of the Bankruptcy Code, (ii) discharged the Trustee and cancelled her bond, and (iii) closed the Chapter 7 Case for administrative purposes.

**The Rule 2004 Order**

In the Rule 2004 Order, the Court found that Movant, as the Debtor's ex-husband against whom she holds the Judgment, is not a "party in interest" under Rule 2004 and therefore lacks standing to conduct an examination of the Debtor. 2004 Order at 15-16. The Court determined that Movant has no pecuniary interest in the Chapter 7 Case, as he is not a creditor of the Debtor and the Judgment held by the Debtor against him is an exempt asset. *Id*. at 13. The Court also found that, in any event, Movant failed to establish good cause for a Rule 2004 examination, noting that his request appeared designed to harass the Debtor, her counsel, and the Trustee rather than to advance legitimate bankruptcy purposes. *Id*. at 15. The Court concluded that Movant's requests to seek discovery into matters already addressed during the administration of the case was inappropriate, particularly given that the Debtor had received her discharge, the Trustee had been discharged, and the case had been administratively closed. *Id* at 15-16.

**The Motion**

Movant asks the Court to issue sanctions as appropriate against the Debtor, Mr. Messer and the Trustee, pursuant to Rule 9011. He contends that each allegedly willfully and knowingly defrauded the Court to improperly secure Debtor's discharge in bankruptcy based on (i) Mr. Messer's alleged willful ignorance and inaction regarding Debtor's alleged misrepresentations in the Petition, and counseling Debtor to conceal her funds from her creditors, (ii) the actions of all three to present false information and conceal facts from the Court based on Mr. Messer's alleged coaching while each knew or should have known Debtor's filings were patently fraudulent, and (iii) structuring Debtor's facts based on Mr. Messer's coaching and violating each party's alleged

5

affirmative fiduciary and ethical obligations to the Court, and in the Trustee's and Mr. Messer's instances, ABA Rules. Motion ¶ 1.

In support of those claims, Movant alleges that the Debtor misrepresented matters relating to her home life by falsely claiming she lives alone in "PHC" (Penthouse C) at 166 2nd Avenue in Manhattan paying a monthly rent of either $3,100.00 or $2,845.00 (as listed in different filings), while testifying at the Section 341 Meeting that her rent was $5,000.00. *Id.* ¶¶ 33-34, 51-53. He asserts that the Debtor actually lives with her boyfriend, who is the tenant of Penthouse C, and that the market rate the apartment exceeds $7,400.00 per month, plus utilities. *Id.* ¶¶ 36-38, 58-60.

Next, Movant asserts that the Debtor concealed from her creditors a settlement payment of approximately $200,000.00 (the "Litigation Settlement Proceeds") that she allegedly received a few months prior to the Petition Date, arising out of a legal malpractice claim in Florida against Jon E. Kane and Mateer & Harbert, P.A. *Id.* ¶¶ 35-36, 64-65, 69-71. Movant contends that, prior to the Petition Date, the Debtor, with Mr. Messer's assistance, distributed these settlement funds to bankruptcy-exempt accounts. *Id.* ¶¶ 36, 74.

Movant also complains that Mr. Messer allegedly assisted the Debtor in structuring her bankruptcy to defraud creditors by concealing her true financial condition, failing to disclose the settlement payment, and manipulating her means test results to improperly qualify as a debtor under chapter 7 of the Bankruptcy Code. *Id.* ¶¶ 29, 31, 35-36, 39-40, 52. Movant specifically points to Mr. Messer's actions after being notified of the alleged discrepancies in the Debtor's schedules, claiming that he rushed to obtain the Debtor's discharge rather than addressing the concerns or investigating further. *Id.* ¶¶ 41-43.

Finally, Movant asserts that the Trustee negligently failed to investigate the Debtor's financial affairs, ignored obvious contradictions in the Debtor's testimony at the Section 341

6

Meeting, and prevented Movant from fully examining the Debtor at the meeting. *Id.* ¶¶ 27-28, 34, 38, 44-45, 61-63.

Movant requests that the Court: (1) hold a hearing to determine appropriate sanctions; (2) direct the Debtor to submit to a Rule 2004 examination; (3) appoint a new trustee; (4) direct Mr. Messer either to fulfill his professional responsibilities or withdraw as counsel; and (5) consider converting the Chapter 7 Case to a case under chapter 13 of the Bankruptcy Code or dismiss the case and bar Debtor from filing a bankruptcy petition for twelve months. *Id.* ¶¶ 77-81.

**The Opposition**

The Debtor asserts that through the Motion, Movant is continuing his harassment of her. She says that the specific relief Movant is seeking is difficult to ascertain from the Motion. Opposition ¶ 18. She notes that Movant was aware of the Chapter 7 Case and participated in the Section 341 Meeting on November 13, 2024, where he examined the Debtor. *Id.* ¶¶ 3-4, 19. However, he failed to appear at the adjourned meeting on December 11, 2024, and did not challenge the Debtor's discharge. *Id.* ¶¶ 6-7, 16-17.

The Debtor contends that the majority of her debts resulted from "punitive actions and successful efforts to secrete assets taken by" Movant over the past eleven years, and she "would have never needed to file bankruptcy if he had not engaged in the course of conduct that he has." *Id.* ¶ 8.

The Debtor points out that Movant previously filed for bankruptcy, but his discharge was denied allegedly due to "incomplete and inaccurate schedules and statement of financial affairs" and failure to comply with his duty of full disclosure under section 521 of the Bankruptcy Code. *Id.* ¶ 10. The Debtor further alleges that Movant's conduct has been "aggressive, calculating and

7

vindictive" to the extent that she was granted an order of protection, and that he has "unilaterally ceased all alimony payments" and "moved to St. Kitts so as to avoid being arrested." *Id.* ¶¶ 11-12.

The Debtor argues that Movant's true motivation appears to be leveraging the bankruptcy proceedings to pressure her into giving up the Judgement. *Id.* ¶ 22. The Debtor argues that Movant lacks standing to seek sanctions under Rule 9011, or otherwise. *Id.* ¶¶ 13-14, 23-26. She contends that the Court should deny the Motion for the same reasons outlined in the Rule 2004 Order, namely that Movant is not one of the Debtor's creditors, is not listed in her schedules, has no financial interest in the case, and would not be affected by the administration of the case. *Id.* ¶ 23.

**The Reply**

In the Reply, Movant claims during the hearing concerning his Rule 2004 Motion, the Trustee sought to enjoin his request for Rule 9011 sanctions, but the Court declined to do so. Reply ¶¶ 2-3. He explains that after the Court's denial of his Rule 2004 Motion, he presumed all proceedings were terminated when the docket indicated "all" proceedings "terminated." *Id.* ¶ 3.

Movant characterizes the Opposition as containing "knowingly false and libelous claims" intended to harass him after previous attempts at intimidation. *Id.* ¶ 4. He states that he "had washed his hands of the matter" until the Opposition appeared, which he characterizes as a "transparent attempt by Messer and Debtor to again dupe the Court" to obtain wording the Debtor desires for use in pending litigation against Movant. *Id.* ¶ 5. Movant denies all claims by Mr. Messer and the Debtor, asserting no proof can support their claims. *Id.* ¶ 6.

Movant takes issue with the Court's characterization that the Debtor qualifies as a chapter 7 debtor, that Debtor holds the Judgment for "past due alimony and attorneys' fees" for $1,941,225.00, and that Movant has no financial interest in the case. *Id.* ¶¶ 7-8. He claims these conclusions rest on "schedules and testimony of Debtor that the record has proven are perjurious"

8

and contends that had the Trustee allowed him to conclude his examination of the Debtor at the Section 341 Meeting, "more facts would have been uncovered." *Id.* ¶ 8.

Movant contends that the Judgment referenced by the Court "in part, results from Debtor's fraud, perjury, and concealment in the Florida domestic matter" where she allegedly concealed a supportive financial relationship. *Id.* ¶ 9. He alleges that the Debtor and Mr. Messer "engineered her application to appeared [sic] 'qualified' for a ch. 7 discharge" after receiving a settlement worth over $300,000.00 a few months before filing. *Id.* ¶ 10.

Movant claims that the Debtor, with Mr. Messer's assistance, structured her finances before filing to conceal "$300,000.00 in settlement value and sheltered funds." *Id.* ¶ 11. He argues that "[c]ollusion, concealment, fraud, and perjury" impeded his ability to timely object to the Debtor's bankruptcy, asserting it "took time to develop and prove evidence." *Id.* ¶ 12.

According to Movant, his filings "forced Debtor's truthful financial affairs to being [sic] revealed after four SOFA filings, all over Messer's 'earnest' signatures." *Id.* ¶ 13. He alleges that only after his filings did Mr. Messer file "a last SOFA after discharge" showing the Debtor pays "zero rent" to occupy a penthouse apartment, after previously claiming various monthly rental amounts. *Id.* ¶ 14. Movant asserts that his efforts exposed facts about the Debtor's living arrangements, concealed litigation, settlement value, and "fraudulent transfer of settlement funds." *Id.* ¶ 15.

Movant contends that Mr. Messer attempted to intimidate him when Movant "recognized and would reveal the fraud" and subsequently "pressed the Clerk for an immediate discharge" which was "granted less than one business day after Movant's call to discuss the fraud." *Id.* ¶ 16. He characterizes the argument that he has no standing as "silly a position" when "truth is told." *Id.* He alleges that Debtor had "foreknowledge of hundreds of thousands in settlement" and benefited

9

from Mr. Messer's counsel on "structuring and concealment" before her chapter 7 application. *Id.* ¶ 17.

Movant objects to Mr. Messer's "false claim that standing is required before a party may bring bankruptcy fraud, perjury, collusion, concealment, and lies of omission to the Court's attention." *Id.* ¶ 18. He also characterizes the Opposition as untimely. *Id.* ¶ 19. He denies "each and every allegation" in the Opposition, characterizing them as "provably false" and made to "distract the Court from his violations and Trustee's negligence." *Id.* ¶¶ 20-21. Movant criticizes Mr. Messer for allegedly acting "with apparent impunity and zero proof to libel and threaten a pro se litigant." *Id.* ¶ 22.

Movant requests that the Opposition be stricken as it "is opinion," "has no facts," "is libelous," "harasses Movant," and "relies on lies." *Id.* ¶ 23. He further alleges that Mr. Messer "impugns Movant's indigency" without facts to support such allegations. *Id.* ¶ 24.

In closing, Movant states that if the Court finds his concerns of bankruptcy fraud and collusion "meritless and unworthy of consideration" or "because Movant does not possess standing to show them to the Court, so be it." *Id.* ¶ 25. He notes the Court can "move sua sponte" and explains that Mr. Messer's "untimely Opposition and falsehoods required Movant to respond and preserve a truthful record." *Id.* ¶¶ 25-26.

**<u>The Joinder</u>**

The Trustee joins the Opposition, while noting a correction that she is no longer serving as the Chapter 7 Trustee but was discharged by the Discharge Order. Joinder ¶ 1.

The Trustee references the Court's previous ruling that Movant is not a creditor in this case, would not be financially impacted by the administration of the Estate, and is not a "party in interest" in the case. *Id.* ¶ 2. The Trustee notes that pursuant to the Discharge Order, the Debtor

10

has been discharged, the Trustee has been discharged, and the Debtor's case was ordered closed. *Id.* ¶ 3.

The Trustee characterizes Movant's accusations as "reckless" and "devoid of credible support." *Id.* ¶ 4. She contends that the Motion appears to have been filed to harass the Debtor and to further other litigation Movant has with the Debtor, and is "so utterly devoid of merit as to warrant sanctions." *Id.* ¶ 5.

**The Response**

In the Response, Movant states that the Court held a hearing on his Rule 2004 Motion during which the Trustee's lawyer indicated an intent to seek dismissal of Movant's Motion in addition to denial of the Rule 2004 Motion. Response ¶ 2. Movant claims the Court identified that intent and stated it would not prevent Movant from proceeding with the motion for sanctions. *Id.* Movant explains that when the Court denied his Rule 2004 Motion, the docket indicated termination of "all proceedings," which led him to believe his motion for sanctions had been terminated as well. *Id.* ¶ 3.

Movant contends that the Trustee and the Debtor's counsel have not denied the evidence or claims he presented. *Id.* ¶ 7. He states that the Trustee's statement was filed the day after Movant replied to the Opposition and questions why a discharged Trustee would file a statement regarding his Motion. *Id.* ¶¶ 8, 12.

Movant states that he responded to the Opposition to correct the record, and notes that the Trustee filed her statement the following day. *Id.* ¶ 9. He asserts that the Trustee and Debtor's counsel have not denied what he describes as facts in the record, including allegations regarding inconsistencies in the Debtor's financial information, undisclosed pending litigation and settlement proceeds, and assertions about the Debtor's bankruptcy filing. *Id.* ¶ 10.

11

Movant disputes the Trustee's statement that he is not a creditor and would not be financially impacted by the case, asserting that he has been and will be impacted by the Debtor's actions. *Id.* ¶ 11. He characterizes the Trustee's statement as an attempt to dismiss his concerns without addressing their substance. *Id.* He questions whether trustees and lawyers are obligated to uphold rules and processes in bankruptcy and whether they should welcome parties who raise concerns about potential improprieties in bankruptcy proceedings. *Id.* ¶ 14. He asserts that he has reported facts showing concealment of financial information and litigation by the Debtor. *Id.* ¶ 15.

Movant argues the Court could either reject his claims or hold an evidentiary hearing to address the issues he has raised. *Id.* ¶ 16. He states that the Court, regardless of Movant's involvement, can act sua sponte. *Id.* ¶ 17.

## **LEGAL PRINCIPLES**

Rule 9011 governs the conduct of attorneys and parties when filing papers with the court. Specifically, Rule 9011 provides:

> (b) Representations to the Court. By presenting to the court a petition, pleading, written motion, or other document--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>
> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
>
> (3) the allegations and factual contentions have evidentiary support--or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence--or if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). The rule allows the imposition of "appropriate sanction[s] on any attorney, law firm, or party that committed the violation [of Rule 9011(b)] or is responsible for it." Fed. R. Bankr. P. 9011(c)(1). "Rule 9011 parallels Rule 11 of the Federal Rules of Civil Procedure [("Rule 11")], and the jurisprudence under Rule 11 informs the interpretation and application of Bankruptcy Rule 9011." *In re Intercorp Intern., Ltd.,* 309 B.R. 686, 693-94 (Bankr. S.D.N.Y. 2004) (citing *Klein v. Wilson, Elser, Moskowitz, Edelman & Dicker (In re Highgate Equities, Ltd.),* 279 F.3d 148, 151 (2d Cir.2002)).

## ANALYSIS

The gravamen of the Opposition is that Movant lacks standing to obtain relief under Rule 9011, let alone to be heard in this case. Constitutional standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 175 F. Supp. 2d 593, 606 (S.D.N.Y. 2001). And because constitutional standing is a jurisdictional requirement, the Court "must address this issue first." *Veleron Holding, B.V. v. Morgan Stanley*, 117 F. Supp. 3d 404, 425 (S.D.N.Y. 2015). The party invoking jurisdiction bears the burden of establishing standing. *Barrows v. Becerra*, 24 F.4th 116, 127 (2d Cir. 2022) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). For Movant to establish constitutional standing, he must show: (1) an injury in fact that is actual or imminent rather than conjectural or hypothetical, (2) the injury is "fairly traceable" to the conduct complained of, and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Veleron Holding, B.V. v. Morgan Stanley*, 117 F. Supp. 3d 404, 425 (S.D.N.Y. 2015) (citing *Lujan,* 504 U.S. at 559-60).

Additionally, it is well settled that a non-party to an action generally lacks standing to seek Rule 11 sanctions. *See New York News, Inc. v. Kheel,* 972 F.2d 482, 486 (2d Cir.1992) (holding that, with the possible exception of a non-party who was involuntarily involved in a case, a non-party would not be entitled to move for sanctions "unless he satisfied the intervention requirements of Rule 24 [of the Federal Rules of Civil Procedure]"); *see also Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, No. 07 Civ. 7983, 2017 WL 4129644, at *6 (S.D.N.Y. Sept. 18, 2017) (finding that "[non-party attorney] lacks standing to seek Rule 11 sanctions in this action."). That general rule is applicable here.

Movant is not a party to the Chapter 7 Case. He is not among the Debtor's creditors, and has no pecuniary interest in the case. Moreover, he has not demonstrated a concrete, particularized injury that is actual or imminent. He alleges that the Debtor, her counsel, and the Trustee have engaged in misconduct in the administration of this bankruptcy case, including mispresenting facts in the Petition relating to the Debtor's home life, concealing assets, including the Litigation Settlement Proceeds, and misrepresenting the Debtor's qualifications for relief under chapter 7 of the Bankruptcy Code. However, Movant does not show that the alleged misconduct prejudiced him in any way. On the record of these proceedings, he cannot make that showing. The Judgment that the Debtor holds against Movant is an exempt asset under applicable law and is not property of the Estate. The Debtor's discharge in bankruptcy has no effect on the enforceability of the Judgment. In short, Movant is not among "parties or attorneys for parties to this litigation, and did not become such simply by [filing the Motion], Bankruptcy Rule 9011 does not provide a jurisdictional basis for sanctioning [the Debtor, Mr. Messer or the Trustee]." *In re Highgate Equities, Ltd.*, 257 B.R. 391, 394 (S.D.N.Y. 2001), *aff'd sub nom. In re Highgate Equities, Ltd.*, 279 F.3d 148.

At best, Movant contends that the Debtor's, Mr. Messer's and the Trustee's alleged violations of Rule 9011 affected the Estate generally. But that does not confer standing on Movant to seek Rule 9011 sanctions. "Without more, [a] professed goal of protecting the court and society from [an] alleged violation of Rule 11 does not vest [a movant] with standing . . . ." *In re 72nd St. Realty Associates*, 185 B.R. 460, 473 (Bankr. S.D.N.Y. 1995). And courts have consistently held that "Rule 11 does not create an independent cause of action." *Hooks v. City of New York*, No. 21-10771, 2022 WL 16964196, at *1 (S.D.N.Y. June 28, 2022) (quoting *Benistar Admin Servs.*, No. 17-4296, 2021 WL 1186352, at *5); *see also Raghavendra v. N.L.R.B.*, No. 08 Civ. 8120, 2009 WL 5908013, at *22 (S.D.N.Y. Aug. 27, 2009); *Wentworth v. Hedson*, 248 F.R.D. 123, 125 (E.D.N.Y. 2008).

Even assuming Movant could establish an injury, he cannot show that such injury is fairly traceable to the challenged conduct. Movant has not demonstrated a causal connection between the alleged bad acts of the Debtor, the Trustee and/or Mr. Messer, and any cognizable harm to him. The purpose of Rule 9011 sanctions is to "deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2); *Caisse Nationale de Credit Agricole–CNCA, N.Y. Branch v. Valcorp, Inc.,* 28 F.3d 259, 266 (2d Cir.1994) ("principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses"). Because the rule is designed to deter rather than compensate, any sanctions imposed should be no greater than necessary to effectuate the goal of deterrence. *In re Reyes*, No. 14-13233, 2015 WL 4624156, at *6 (Bankr. S.D.N.Y. Aug. 4, 2015). The sanctions Movant seeks fall well outside the scope of cognizable relief under Rule 9011 and, in any event, are not available to Movant.

15

There are no grounds for granting Movant relief under Rule 2004. *See* Rule 2004 Order. There is no authority in support of Movant's request to convert this case to one under chapter 13 of the Bankruptcy Code. "The [Bankruptcy] Code does not permit involuntary cases to be commenced under Chapter 13, 'reveal[ing] a concern about involuntary servitude and the Thirteenth Amendment.' 2 Collier on Bankruptcy ¶ 303.03 (16th 2020)." *In re Hartely*, 19-31049, 2020 WL 1908326, at * 6 (Bankr. D. Conn. Apr. 14, 2020); *see also Harris v. Viegelahn*, 575 U.S. 510, 514 (2015) (noting that Chapter 13 is "[a] wholly voluntary alternative to Chapter 7").

Pursuant to section 324(a) of the Bankruptcy Code, "[t]he court, after notice and a hearing, may remove a trustee, . . . for cause." 11 U.S.C. § 324(a); *see also In re Belmonte*, 524 B.R. 17, 28 (Bankr. E.D.N.Y. 2015) ("[A] court may only remove a chapter 7 trustee for 'cause.' "(citing 11 U.S.C. § 324(a)). Here, a claim for relief under section 324(a) is moot because the Trustee has been discharged and her bond has been cancelled. *See* Discharge of Debtor and Order of Final Decree. Finally, there are no grounds for Movant directing Mr. Messer to withdraw as the Debtor's counsel, nor for barring the Debtor from filing a bankruptcy case for twelve months.

## CONCLUSION

Based on the foregoing, the Court denies the Motion.

IT IS SO ORDERED.

Dated: April 28, 2025
New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge